JAMES B. BOLE v. THE SANDS & MAXWELL LUMBER
COMPANY (A CORPORATION.)

*Pleading in justice's court—Misnomer of defendant in declaration
—If properly summoned, not a jurisdictional defect.*

1. Where, in a suit in justice's court, the defendant, a corpora-
tion, was correctly named in the summons as "The Sands
& Maxwell Lumber Company," and the plaintiff declared
orally "against the *defendant,* a corporation doing business
under the name of the 'Pentwater Lumber Company,'"
and, in default of defendant's appearance,—the summons hav-
ing been personally served,—a judgment was rendered against
it in its *corporate* name, the record will be given such con-
struction as will support the judgment, by construing the lan-
guage in the declaration as stating that the *defendant* was
doing business under the name of the Pentwater Lumber Com-
pany.

2. A variation in a declaration from the summons in stating the
name of the defendant is not a jurisdictional defect, and may
be amended by the court under How. Stat. § 7633; and where
it is not, the amendment will be treated as made after judg-
ment has been rendered in the cause.

3. Where the correct name of a defendant is given in the sum-
mons, and in the judgment rendered on default, after personal
service, the judgment cannot be reversed, impaired, or in any
way affected by reason of defendant's name having been incor-
rectly stated in the declaration. How. Stat. § 7635.

Error to Oceana. (Russell, J.) Submitted on briefs
October 8, 1889. Decided November 1, 1889.

*Assumpsit.* Plaintiff brings error. Judgment of cir-
cuit court reversed, and that of justice's court affirmed.
The facts are stated in the opinion.

*James Brassington,* for appellant.

*W. E. Ambler,* for defendant.

CHAMPLIN, J.   In this case the summons issued by the justice of the peace was duly served upon the defendant corporation.   Upon the return-day the plaintiff appeared in person and by attorney.   The cause was duly called, and the defendant did not appear, and, after waiting more than one hour, the defendant not appearing, the plaintiff declared orally, which declaration was entered by the justice in his docket as follows:

"The plaintiff made declaration orally against the defendant, a corporation doing business under and by virtue of the laws of the State of Michigan, at Pentwater, Mich., under the name of the 'Pentwater Lumber Company,' in a plea of trespass on the case upon promises, and upon all matters provable under the common counts in *assumpsit*, and claims damages of $300 or under."

The defendant not appearing, the plaintiff proceeded to trial.   A witness was sworn for the plaintiff, and no one was sworn for defendant; and, after hearing the proofs and allegations, the justice forthwith rendered judgment in favor of the plaintiff and against the defendant, The Sands & Maxwell Lumber Company, for $25.40 damages, and costs of suit, taxed at $7.60.

Within the proper time thereafter the defendant filed its affidavit for, and perfected, a special appeal to the circuit court for the county of Oceana.   The error alleged in the affidavit is as follows:

"That there is and was no declaration in said cause against the Sands & Maxwell Lumber Company, as required by law.   That the declaration in said cause was and is against a different corporation,—to wit, The Pentwater Lumber Company,—from the corporation named in the summons issued in said cause, to wit, The Sands & Maxwell Lumber Company."

The affidavit further alleges—

"That there is a corporation, to wit, The Pentwater Lumber Company, organized and existing under the laws

of this State, and doing business at Pentwater, Mich., but is an entirely separate and distinct corporation from the corporation, The Sands & Maxwell Lumber Company."

For the error alleged the circuit court reversed the judgment rendered by the justice, and to review the action the plaintiff brings the case here.

We are unable to perceive any such error as is assigned by the defendant in the affidavit for special appeal. The summons was against the defendant in its corporate name, and was duly served and returned. The court had jurisdiction of the subject-matter and of the parties. The Sands & Maxwell Lumber Company was defendant in the action. The plaintiff declared "orally against defendant," and alleged that it was—

"A corporation doing business under the name of the 'Pentwater Lumber Company.'"

This language is somewhat ambiguous, but the record should be given such construction as will support the judgment, and it is consistent to construe the language as stating that the Sands & Maxwell Lumber Company was doing business under the name of the "Pentwater Lumber Company." We think the declaration should be construed as against the defendant in form and substance. The judgment was rendered against the defendant by name, and, in effect, as upon default upon the non-appearance of defendant.

Section 7633, How. Stat., provides that after judgment in any cause any variation in the record from any process, pleading, or proceeding had in such cause shall be reformed and amended according to such original process, pleading, or proceeding. Under this section, if there was a variation in the declaration from the summons in the name of the party defendant in the declaration, it

could have been amended by the court. It was not a jurisdictional defect; and where it is not, the amendment will be treated as made after judgment has been rendered in the cause. Section 7635, How. Stat., enacts that no judgment upon default shall be reversed, impaired, or in any way affected by reason of any mistake in the name of a party when the correct name shall have been once rightly alleged in any of the pleadings or proceedings. If the name was wrong, as alleged, the judgment should not have been reversed. The correct name was rightly alleged in the summons, and again in the judgment.

The judgment of the circuit court will be reversed, with costs, and that of the justice affirmed, with costs of both courts. A judgment will be entered here for $25.40 and interest at six per cent. from May 11, 1887, the date of judgment, and for costs, to be taxed.

The other Justices concurred.